IN THE CIRCUIT COURT OF THE
FOURTTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY,
FLORIDA

SUSIE McCOSLEY,

    Plaintiff,

vs.

WEN SOUTH LLC, and
MERITAGE HOSPITALITY GROUP d/b/a/
WENDY'S,

    Defendant.

_____/

CASE NO.: 16-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, SUSIE McCOSLEY, hereby sues Defendant, WEN SOUTH LLC, and MERITAGE HOSPITALITY GROUP d/b/a WENDY'S and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. 42 U.S.C. §1981, 42 U.S.C. §§12101 et seq.; 29 U.S.C. §621 et seq.; and 42 U.S.C. §1981a. This is also an action brought pursuant to the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, SUSIE McCOSLEY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race, white, her age (55), and her actual and/or perceived disability.

4. At all times pertinent hereto, Defendant, WEN SOUTH LLC, and MERITAGE HOSPITALITY GROUP d/b/a WENDY'S, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. Plaintiff has received her Right to Sue Letter. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a white female, has been employed with Defendant since April 2010. She was employed as an assistant manager at the Bartram Run Drive location. During the course of her employment, Plaintiff was treated in a discriminatory manner at least in part because of her race, white, or age, 55, an actual or perceived disability, and because she has opposed unlawful employment practices.

7. Plaintiff was harassed by a black employee and reported the harassment to management of the Defendant. The harassment was so severe that Plaintiff asked to be transferred. Plaintiff was transferred to another Wendy's and came under the managerial supervision of Thomas Horne, a black male. Immediately, Plaintiff felt negativity from Horne.

8. Plaintiff learned that Horne was a sexual offender and reported the information to management. A week later, Horne stopped reporting to work.

9. A minor employee also reported to Plaintiff that she was accosted by Horne in

2

that he made sexual overtures towards the minor who was sixteen years old. Plaintiff received a written statement from the minor and submitted it to the District Manager of the Defendant. Plaintiff also encouraged the minor and her mother to file a police report but they declined.

10. Plaintiff began to experience a severe backlash as a result of reporting Horne and the harassment she experienced by the black employee. By example only, her hours were cut, her timecard was fraudulently altered to omit hours she worked, and she began to be transferred from store to store. These are examples only and by no means exhaustive of the harassment of her.

11. On November 9, 2014, Plaintiff submitted paperwork requesting FMLA leave because of the stress she suffered in the workplace. Plaintiff never received approval for the leave. Because Plaintiff's health was at risk and she was experiencing severe harassment, she was forced to resign her employment with Defendant in December 2014. No reasonable person would have remained employed with Defendant under these circumstances.

12. Plaintiff was also prevented from taking advantage of health insurance and other benefits to which she was entitled receive under Defendant's policies.

13. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for her services. Defendant should be made to pay said fee under the applicable statutes cited herein.

## COUNT I
## RACE DISCRIMINATION

14. Paragraphs 1-13 are re-alleged and incorporated herein by reference.

15. This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes, 42 U.S.C. §1981 and 42 U.S.C. §2000e et seq..

3

16. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated non-white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

17. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

18. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

19. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

20. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

21. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and she was constructively discharged.

22. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, 42 U.S.C. §1981 and 42 U.S.C. §2000e et seq..

23. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

4

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT II
## DISABILITY DISCRIMINATION

24. Paragraphs 1-13 are re-alleged and incorporated herein by reference.

25. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and 42 U.S.C. §§12101 et seq..

26. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

27. Defendant is liable for the differential treatment and its refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant.

28. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

29. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

30. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's forced resignation.

31. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability, or perceived disability, under the laws cited herein.

32. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT III
## AGE DISCRIMINATION

33. Paragraphs 1-13 are re-alleged and incorporated herein by reference.

34. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes, and 29 U.S.C. §621 et seq..

35. Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

36. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

6

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

37. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

38. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

39. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age based nature and in violation of the laws set forth herein.

40. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant and she was constructively discharged.

41. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes and 29 U.S.C. §621 et seq..

42. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief under Chapter 760, Florida Statutes and to liquidated damages under the ADEA.

**COUNT IV**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

43. Paragraphs 1-13 are re-alleged and are incorporated herein by reference.

44. This is an action against Defendant for harassing Plaintiff due to using requesting leave time, and for constructively terminating Plaintiff for taking time off that was authorized by and protected under the FMLA. This is thus an interference and retaliation claim.

45. After requesting leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against her for using leave and/or for requesting to use leave. Prior to her constructive discharge, Plaintiff worked more than 1,250 hours in the year immediately preceding her need for leave and she worked for Defendant for more than one year. Defendant also had more than 50 employees within a 75 mile radius and was subject to the provisions of the FMLA.

46. Plaintiff was denied rights and benefits conferred by the FMLA and was constructively terminated.

47. Defendant's violations of the FMLA were willful.

48. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present and will continue in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the

applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

      (c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

      (d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

      (e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

      (f)    grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 12th day of February 2016.

                                         Respectfully submitted,

                                         /s/ Marie A. Mattox
                                         Marie A. Mattox
                                         MARIE A. MATTOX, P.A.
                                         310 East Bradford Road
                                         Tallahassee, FL 32303
                                         (850) 383-4800 (telephone)
                                         (850) 383-4801 (facsimile)
                                         Marie@mattoxlaw.com
                                         Michelle2@mattoxlaw.com
                                         marlene@mattoxlaw.com

                                         ATTORNEYS FOR PLAINTIFF